UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

AISHE UMEROVA,

Petitioner,

v.

JEREMY CASEY, et al.,

Respondents.

Case No.: 26-cv-1886-RSH-MSB

**ORDER DENYING PETITIONER'S MOTION TO ENFORCE**

**[ECF No. 8]**

On March 25, 2026, petitioner Aishe Umerova filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (the "Petition"). ECF No. 1. Petitioner contended that her immigration detention without a bond hearing had become unduly prolonged in violation of the due process clause. ECF No. 1 ¶¶ 43-51. On April 1, 2026, the Court granted the Petition, directing Respondents "to arrange a bond hearing for petitioner Aishe Umerova before an immigration court within seven (7) days of this order, at which the government bears the burden of establishing by clear and convincing evidence that Petitioner poses a danger to the community or a risk of flight." ECF No. 5 at 1-2.

On April 6, 2026, Petitioner timely received a bond hearing before an immigration judge. *See* ECF No. 8-7 (transcript of proceedings). The immigration judge denied bond at the hearing on the grounds of flight risk, after discussing factors including her length of

residence in the United States, family ties, whether she has a fixed address, and the suitability of her proposed sponsor. *See id.* at 16-19; ECF No. 8-8 (order of immigration judge).

On May 12, 2026, Petitioner filed a motion to enforce this Court's April 1, 2026 order. ECF No. 8. Respondents oppose the motion, arguing that Petitioner has failed to exhaust her administrative remedies on a bond appeal before the Board of Immigration Appeals ("BIA"). ECF No. 10 at 2.

The Ninth Circuit "require[s], as a prudential matter, that habeas petitioners exhaust available judicial and administrative remedies before seeking relief under § 2241." *Castro-Cortez v. INS*, 239 F.3d 1037, 1047 (9th Cir. 2001), *abrogated on other grounds by Fernandez-Vargas v. Gonzales*, 548 U.S. 30 (2006). A court may require prudential exhaustion when:

> (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review.

*Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017) (quoting *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007)). "When a petitioner does not exhaust administrative remedies, a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, unless exhaustion is excused." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011) (citations omitted). Nonetheless, "a court may waive the prudential exhaustion requirement if 'administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void.'" *Hernandez*, 872 F.3d at 988 (quoting *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004)).

The Ninth Circuit has applied the exhaustion doctrine to circumstances similar to

those presented here—where a noncitizen seeks review, through a habeas proceeding, of an immigration judge's denial of bond. *See Leonardo*, 646 F.3d at 1160 ("Here, [the petitioner] pursued habeas review of the IJ's adverse bond determination before appealing to the BIA. This short cut was improper. [Petitioner] should have exhausted administrative remedies by appealing to the BIA before asking the federal district court to review the IJ's decision."). Irrespective of the prudential exhaustion doctrine, however, the Court may determine whether a party has complied with its earlier habeas order. *Id.* at 1161 ("[T]he district court had authority to review compliance with its earlier order conditionally granting habeas relief.").

Here, the Court is not persuaded that Respondents have failed to comply with the April 1, 2026 order. There is no dispute here that the government timely held a bond hearing as directed by the Court; or that the immigration judge denied bond after hearing evidence and argument, and concluding that Petitioner presents a flight risk and a danger to the community. *See generally* ECF No. 8-7. The transcript of proceedings reflects that the immigration judge was aware of this Court's order, and repeatedly acknowledged that the government bore the burden of proof by clear and convincing evidence. *See id.* at 1, 2, 16-17.

Petitioner argues in her motion that the immigration judge incorrectly applied the standard of proof and other applicable legal standards, and did not give adequate consideration to evidence in Petitioner's favor. ECF No. 8-1 at 6, 12-13, 15. Petitioner also takes issue with the immigration judge's determination that the proposed sponsor's letter, in failing to specify that Petitioner was not going to live with the sponsor but rather with Petitioner's family members in a neighboring unit, was misleading. *Id.* at 18-20.

Without opining on whether the immigration judge's ruling was free of error, the proceedings complied with this Court's order. Petitioner's claims of error here are ones to be decided in the first instance by the BIA, the administrative tribunal established to review such claims and correct any mistakes, and possessing expertise in such review. The Court declines to act as a second, parallel appellate administrative tribunal in addressing the

merits of the claimed errors here, where doing so would effectively encourage simultaneous parallel appeals of matters well within the BIA's competence. Consistent with the Ninth Circuit's ruling in *Leonardo*, the Court requires exhaustion of these issues, and determines that each predicate for requiring prudential exhaustion applies here.

The Court declines to waive the exhaustion requirement. The Court disagrees that Petitioner's continued detention while she pursues a bond appeal to the BIA amounts to irreparable injury requiring waiver of the exhaustion requirement. *See Reyes v. Wolf*, No. C20-0377LR, 2021 WL 662659, at *3 (W.D. Wash. Feb. 19, 2021) (determining that the petitioner failed to establish that "that civil detention after the denial of a bond hearing constitutes irreparable harm such that prudential exhaustion should be waived"), *aff'd sub nom. Diaz Reyes v. Mayorkas*, No. 21-35142, 2021 WL 3082403 (9th Cir. July 21, 2021). Petitioner has also not established that her administrative remedies would be inadequate or exhaustion would be futile, despite her assertion that "the BIA now functions to rubberstamp IJ bond denials and facilitate noncitizen removal." ECF No. 8-1 at 7.

For the foregoing reasons, Petitioner's motion to enforce [ECF No. 8] is **DENIED**.

**IT IS SO ORDERED**.

Dated: June 2, 2026

Robert S. Huie

Hon. Robert S. Huie
United States District Judge