UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

AISHE UMEROVA,

Petitioner,

v.

JEREMY CASEY, et al.,

Respondents.

Case No.: 26-cv-1886-RSH-MSB

**ORDER DENYING PETITIONER'S AMENDED MOTION TO ENFORCE**

[ECF No. 13]

Before the Court is petitioner Aishe Umerova's amended motion to enforce judgment. ECF No. 13. Pursuant to Local Civil Rule 7.1(d)(1), the Court finds the motion presented appropriate for resolution without oral argument. For the reasons below, the Court denies Petitioner's motion.

## I. BACKGROUND

On March 25, 2026, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (the "Petition"). ECF No. 1. Petitioner contended that her immigration detention without a bond hearing had become unduly prolonged in violation of the due process clause. ECF No. 1 ¶¶ 43–51. On April 1, 2026, the Court granted the Petition, directing Respondents "to arrange a bond hearing for petitioner Aishe Umerova before an immigration court within seven (7) days of this order, at which the government bears the

burden of establishing by clear and convincing evidence that Petitioner poses a danger to the community or a risk of flight." ECF No. 5 at 1–2.

On April 6, 2026, Petitioner received a timely bond hearing before an immigration judge. *See* ECF No. 8-7. The immigration judge denied bond based on flight risk after considering Petitioner's length of residence in the United States, family ties, whether she had a fixed address, and the suitability of her proposed sponsor. *See id.* at 18–21; ECF No. 8-8.

On May 12, 2026, Petitioner moved to enforce the Court's April 1, 2026 order. ECF No. 8. Respondents opposed the motion, arguing that Petitioner had failed to exhaust her administrative remedies because she had not appealed the bond decision to the Board of Immigration Appeals ("BIA"). ECF No. 10 at 2–5. On June 2, 2026, the Court denied the motion, concluding that Petitioner had received a timely bond hearing at which the immigration judge acknowledged that the Government bore the burden of proof by clear and convincing evidence. ECF No. 11 at 3. The Court concluded Petitioner's objections concerned alleged errors in the immigration judge's decision and therefore should be addressed in the first instance by the BIA. *Id.* at 3–4.

On July 7, 2026, Petitioner requested a new bond redetermination hearing. ECF No. 13 at 4. The immigration judge denied the request and Petitioner appealed that ruling to the BIA. *See* ECF Nos. 13-4; 15-1 at 2. On August 5, 2026, Petitioner filed the instant amended motion to enforce. ECF No. 13. Respondents have filed an opposition. ECF No. 15.

## II. ANALYSIS

In the instant Motion, Petitioner renews her request that the Court enforce its April 1, 2026 order, arguing that the record now demonstrates Respondents' compliance with this order was "nominal." ECF No. 13 at 2. Petitioner maintains that she does not ask the Court "to sit as a parallel appellate bond tribunal," but instead asks the Court to "determine whether Respondents provided the constitutionally meaningful hearing the federal judgment required." *Id.*

///

Despite this framing, Petitioner's renewed challenge rests on the same arguments raised in her first motion to enforce: that the immigration judge failed to apply the clear and convincing evidence standard and adequately consider less restrictive alternatives to detention and other evidence bearing on flight risk *Compare* ECF No. 8-1 at 10–21 *with* ECF No. 13 at 19–21. As set forth in its June 2, 2026 order denying Petitioner's first motion to enforce, the Court already reviewed the transcript of Petitioner's April 6, 2026 bond hearing, concluded that the proceedings complied with its April 1, 2026 order, and determined that any alleged errors in the immigration judge's application of the governing standard or consideration of the evidence should be addressed by the BIA in the first instance. ECF No. 11 at 3–4. Plaintiff's recharacterization of the immigration judge's decision as "nominal" compliance does not provide a valid basis to revisit the Court's prior Order.

From the Court's review, the only materially new development identified in Petitioner's amended motion is the denial of her July 7, 2026 request for a new bond redetermination. ECF No. 13 at 4–5. Petitioner contends the immigration judge erred by denying this request on jurisdictional grounds and by failing to meaningfully address her newly submitted evidence. *Id.* at 4.

Whether the immigration judge erred in that later ruling, however, is separate from whether Respondents complied with the Court's April 1, 2026 order. That order required Respondents to arrange a bond hearing within seven days at which the Government bore the burden of establishing danger or flight risk by clear and convincing evidence; it did not govern subsequent requests for bond redetermination. *See* ECF No. 5 at 2; *see also* *Leonardo v. Crawford*, 646 F.3d 1157, 1161 (9th Cir. 2011) (holding that the district court is "under no obligation" to address a petitioner's "new arguments under the ambit of ensuring compliance with the earlier order."); *Singh v. Warden of Golden State Annex Facility*, No. 1:26-CV-00172-JLT-EPG, 2026 WL 1328508, at *6 (E.D. Cal. May 13, 2026) ("Petitioner's arguments surrounding the IJ's denial of Petitioner's request for a second bond hearing unambiguously extend well beyond the scope of the original habeas

petition and this Court's order.").

In any event, the record indicates Petitioner has appealed the immigration judge's denial of her request for a new bond determination and that this appeal remains pending before the BIA. ECF Nos. 13-4; 15 at 2–3. Again, the Court is not persuaded it should act as a second, parallel appellate administrative panel with respect to this appeal. *See Leonardo*, 646 F.3d at 1160 ("When a petitioner does not exhaust administrative remedies, a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, unless exhaustion is excused.").

## III. CONCLUSION

For the reasons set forth above, Petitioner's amended motion to enforce is **DENIED**.

**IT IS SO ORDERED**.

Dated: August 31, 2026

Robert S. Huie

Hon. Robert S. Huie
United States District Judge